FILED
NOVEMBER 23, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT MATCHAIN, )<br>   Plaintiff, )<br>    )<br>  vs. )<br>    )<br>CITY OF CHICAGO, )<br>a municipal corporation, )<br>CHICAGO POLICE OFFICER JOHN DOE, )<br>Star Number unknown, in his individual capacity, )<br>    )<br>   Defendants. ) | **07 C 6604**<br><br>**JUDGE MANNING**<br>**MAGISTRATE JUDGE ASHMAN** |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on December 24, 2006, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Chicago Police Officer, who was acting under color of law and in the course and scope of his employment with the City of Chicago.

Facts

5. On or about December 24, 2006, the Plaintiff was in the vicinity of 1949 W. Cullerton, Chicago, Illinois.

6. Then and there, Defendant Chicago Police Officer illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

7. During the initial seizure, Defendant Chicago Police Officer willfully caused bodily harm to the Plaintiff, without any legal justification.

8. Defendant Chicago Police Officer did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9. As the proximate result of all the aforementioned actions by Defendant Chicago Police Officer, the Plaintiff suffered bodily injury including but not limited to a broken wrist, emotional and physical pain and suffering and medical expenses.

**COUNT I – 42 U.S.C. § 1983 Excessive Force**

(Plaintiff v Defendant Chicago Police Officer)

10. Plaintiff re-alleges all prior allegations.

11. The actions of Defendant Chicago Police Officer in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

12. As the proximate result of all of the aforementioned actions by Defendant, the Plaintiff suffered damages as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

13. Plaintiff re-alleges what has been previously alleged in this Complaint.

14. A City of Chicago police officer physically abused the Plaintiff and the officer committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and was without provocation or legal justification.

15. The actions of this City of Chicago police officer was the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

16. This police officer was acting in the course and scope of his/her employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

### COUNT III – Indemnification

(Plaintiff v. City of Chicago)

17. Plaintiff re-alleges what has been previously alleged in this Complaint.

18. Defendant City of Chicago is the indemnifying entity for the actions described above,

of Defendant Chicago Police Officer, who took his actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendant Chicago Police Officer be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                      Respectfully submitted,

                                                      By: _____

                                                      Brian J. Barrido
                                                      One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)