IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ROBERT MATCHAIN, | ) |
| | ) |
| Plaintiff, | ) 07 C 6604 |
| v. | ) |
| | ) Judge Manning |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) Magistrate Judge Ashman |
| CHICAGO POLICE OFFICER JOHN DOE, | ) |
| Star Number unknown, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint at Law states as follows:

**Jurisdiction/Venue**

1.      This incident occurred on December 24, 2006, in the City of Chicago, County of Cook, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

**ANSWER:** The City admits this court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a). The City further admits that this court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a). The City denies

that the U.S. Constitution provides Plaintiff with a direct cause of action. The City further denies that 42 U.S. § 1988 is a jurisdictional statute.

**Parties**

3.  At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Upon information and belief, the City admits that Plaintiff was a resident of Chicago, Cook County, Illinois at the time of the events giving rise to the claims asserted in this action.

4.  At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Chicago Police Officer, who was acting under color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:** The City admits that it was a municipal corporation at the time of the alleged occurrence. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

**Facts**

5.  On or about December 24, 2006, the Plaintiff was in the vicinity of 1949 W. Cullerton, Chicago, Illinois.

**ANSWER: The** City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.  Then and there, Defendant Chicago Police Officer illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

      7.     During the initial seizure, Defendant Chicago Police Officer willfully caused bodily harm to the Plaintiff, without any legal justification.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

      8.     Defendant Chicago Police Officer did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

      9.     As the proximate result of all the aforementioned actions by Defendant Chicago Police Officer, the Plaintiff suffered bodily injury including but not limited to a broken wrist, emotional and physical pain and suffering and medical expenses.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

**COUNT I - 42 U.S.C. S 1983 Excessive Force**

**(Plaintiff v. Defendant Chicago Police Officer)**

      10.     Plaintiff realleges all prior allegations.

**ANSWER:** The City's answers to Paragraphs 1 through 9 are incorporated herein by reference as though fully set forth.

      11.     The actions of Defendant Chicago Police Officer in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. As the proximate result of all of the aforementioned actions by Defendant, the Plaintiff suffered damages as described more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

### COUNT II - Illinois State Law Claim of Battery

### (Plaintiff v. Defendant City of Chicago)

13. Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** The City's answers to Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14. A City of Chicago police officer physically abused the Plaintiff and the officer committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and was without provocation or legal justification.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The actions of this City of Chicago police officer was the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.　　This police officer was acting in the course and scope of his/her employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

### COUNT III - Indemnification

### (Plaintiff v. City of Chicago)

17.　　Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER:** The City's answers to Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

18.　　Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendant Chicago Police Officer, who took his actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**WHEREFORE,** the City prays that this Court enter judgment in its favor, and against Plaintiff; award City such costs and fees as provided by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.　　Defendant City is not liable to Plaintiff for his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

2.  To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

3.  Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

5.  To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6.  Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

7.  A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

## JURY DEMAND

Defendant City of Chicago requests trial by jury.

                                       Respectfully submitted,

                                       MARA S. GEORGES,
                                       CORPORATION COUNSEL
                                       CITY OF CHICAGO

                         By:   / s/ *Ashley C. Kosztya*
                                       ASHLEY C. KOSZTYA
                                       Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9332 Office
(312) 744-3989 Fax
Attorney No.  6274884