**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MATCHAIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6604 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE MANNING |
| a municipal corportation, | ) | |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE ASHMAN |
| Christopher Barajas, Star No. 7367, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Robert Matchain, by and through his attorneys, DVORAK,

TOPPEL & BARRIDO, LLC., and complaining of Defendants City of Chicago and Officer

Christopher Barajas (Star No. 7367) ( "the Defendant Officer "), states as follows:

#### Jurisdiction/Venue

1.  This incident occurred on December 24, 2006, in the City of Chicago, County of

    Cook, Illinois.

2.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

    1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of

    the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

1

**Parties**

3.   At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4.   At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of the Defendant Officer, who was acting under color of law and in the course and scope of his employment with the City of Chicago.

**Facts**

5.   On or about December 24, 2006, the Plaintiff was in the vicinity of 1949 W. Cullerton, Chicago, Illinois.

6.   Then and there, the Defendant Officer illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

7.   During the initial seizure, the Defendant Officer willfully caused bodily harm to the Plaintiff, without any legal justification.

8.   The Defendant Officer did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9.   As the proximate result of all the aforementioned actions by the Defendant Officer, the Plaintiff suffered bodily injury including but not limited to a broken wrist, emotional and physical pain and suffering, and medical expenses.

## COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendant Barajas)

10. Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

11. The actions of the Defendant Officer in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

12. As the proximate result of all of the aforementioned actions by the Defendant Officer, the Plaintiff suffered damages as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant Barajas and because he acted maliciously, wantonly or oppressively, Plaintiff demands substantial punitive damages, plus the costs of this action, plus attorneys' fees and any other additional relief this Court deems equitable and just.

## COUNT II – Illinois State Law Claim of Battery

(Plaintiff v. Defendant City of Chicago)

3

13.    Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

14.    A City of Chicago police officer physically abused Plaintiff, and the officer committed these intentional acts of harmful and/or offensive contact against Plaintiff without provocation or legal justification.

15.    The actions of this City of Chicago police officer was the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

16.    This police officer was acting in the course and scope of his/her employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this Court deems equitable and just.

## COUNT III – Indemnification

(Plaintiff v. City of Chicago)

17.    Plaintiff re-alleges paragraphs 1-9 and incorporates them herein as though stated in full.

18.    Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officer, described above, who took these actions while acting under

the color of law and in the course and scope of his employment with the City of

Chicago.

WHEREFORE, should Defendant Barajas be found liable on one or more of the claims

set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any

judgment (other than punitive damages) Plaintiff obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Brian J. Barrido

Brian J. Barrido
One of the Attorneys for Plaintiff

Brian J. Barrido
DVORAK, TOPPEL & BARRIDO, LLC.
Attorney No. 6274524
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)
brian_barrido@civilrightsdefenders.com