IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MATCHAIN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6604 |
| v. | ) | |
| | ) | Judge Manning |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | Magistrate Judge Ashman |
| CHICAGO POLICE OFFICER | ) | |
| Christopher Barajas, Star No. 7367, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHRISTOPHER BARAJAS' ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Christopher Barajas ("Officer Barajas"), by Mara S. Georges, Corporation Counsel for the City of Chicago, through her Assistant, Ashley C. Kosztya, for his Answer, Affirmative Defenses, and Jury Demand to Amended Plaintiff's Complaint at Law states as follows:

**Jurisdiction/Venue**

1. This incident occurred on December 24, 2006, in the City of Chicago, County of Cook, Illinois.

**ANSWER:** Officer Barajas admits the allegations contained in Paragraph 1.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

**ANSWER:** Officer barajas admits this court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § § 1331 and 1343(a). Officer Barajas further admits that this court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §

1367(a). Officer Barajas denies that the U.S. Constitution provides Plaintiff with a direct cause of action. Officer Barajas further denies that 42 U.S. § 1988 is a jurisdictional statute.

## Parties

3.  At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Officer Barajas admits the allegations contained in Paragraph 3.

4.  At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of the Defendant Officer, who was acting under color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:** Officer Barajas admits the truth of the allegations contained in Paragraph 4.

## Facts

5.  On or about December 24, 2006, the Plaintiff was in the vicinity of 1949 W. Cullerton, Chicago, Illinois.

**ANSWER:** Officer Barajas admits the truth of the allegations contained in Paragraph 5.

6.  Then and there, the Defendant Officer illegally stopped, seized, searched and arrested the Plaintiff without probable cause or any legal justification.

**ANSWER:** Officer Barajas denies the allegations contained in Paragraph 6.

7.  During the initial seizure, the Defendant Officer willfully caused bodily harm to the Plaintiff, without any legal justification.

**ANSWER:** Officer Barajas denies the allegations contained in Paragraph 7.

8.  The Defendant Officer did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER:** Officer Barajas denies the allegations contained in Paragraph 8.

9.     As the proximate result of all the aforementioned actions by the Defendant Officer, the Plaintiff suffered bodily injury including but not limited to a broken wrist, emotional and physical pain and suffering and medical expenses.

**ANSWER:**    Officer Barajas denies the allegations contained in Paragraph 9.

### COUNT I - 42 U.S.C. S 1983 Excessive Force

### (Plaintiff v. Defendant Barajas)

10.    Plaintiff realleges all prior allegations.

**ANSWER:** Officer Barajas' answers to Paragraphs 1 through 9 are incorporated herein by reference as though fully set forth.

11.    The actions of the Defendant Officer in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** Officer Barajas denies the allegations contained in Paragraph 11.

12.    As the proximate result of all of the aforementioned actions by the Defendant Officer, the Plaintiff suffered damages as described more fully above.

**ANSWER:** Officer Barajas denies the allegations contained in Paragraph 12.

### COUNT II - Illinois State Law Claim of Battery

### (Plaintiff v. Defendant City of Chicago)

Officer Barajas is not a party-defendant in Count II and therefore does not answer the allegations contained in the this count.

### COUNT III - Indemnification

**(Plaintiff v. City of Chicago)**

Officer Barajas is not a party-defendant in Count III and therefore does not answer the allegations contained in the this count.

**WHEREFORE,** Defendant Christopher Barajas prays that this Court enter judgment in his favor, and against Plaintiff; award him such costs and fees as provided by law, and grant such further relief as this Court deems just and proper.

### **AFFIRMATIVE DEFENSES**

1. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant, therefore, is entitled to qualified immunity as a matter of law.

2. Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgment he obtains must be reduced accordingly.

3. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle of comparative fault, by an mount commensurate wit the degree of fault attributed to Plaintiff by the jury in this case.

**JURY DEMAND**

Defendant Christopher Barajas respectfully requests trial by jury.

                                                Respectfully submitted,

                                                MARA S. GEORGES,
                                                CORPORATION COUNSEL
                                                CITY OF CHICAGO

                                  By:   / s/ *Ashley C. Kosztya*
                                                ASHLEY C. KOSZTYA
                                                Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9332 Office
(312) 744-3989 Fax
Attorney No.  6274884